```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JEAN MARIE STYLES; ERNEST R.
STYLES, JR.,

                      Plaintiffs,
vs.                                    Case No.  2:05-cv-389-FtM-33SPC

FEDERAL EXPRESS CORPORATION,

                      Defendant.
_____/

## ORDER

Before the Court are Plaintiffs' Second Amended Motion to Amend Complaint to Add Active Tortfeasor as Co-defendant, and to Remand for Lack of Complete Diversity Jurisdiction (Doc. # 23) and Defendant's Memorandum in Opposition (Doc. # 26).[1]

After due consideration of the issues presented, this Court finds that Plaintiffs' motion should be granted.

## I.  Background

Plaintiffs filed a two count complaint against Defendant Federal Express in state court on April 4, 2005. (Doc. # 2). Plaintiffs allege that Defendant's employee, while operating a delivery van on March 12, 2005, tortiously collided with Plaintiffs' motorcycle causing injury to Plaintiff Jean Marie Styles.  Plaintiff Ernest Styles, Jean Marie's husband, sues

---

[1] The Court notes that Doc. # 15 is an earlier version of Plaintiffs' motion to amend and motion to remand, Doc. # 23. As the later filed motion to amend and remand, Doc. # 23, under consideration embodies Plaintiffs' current arguments and requests concerning amendment and remand, this Court denies Doc. # 15 as moot.

Defendant for loss of consortium. Plaintiffs bring this cause against Defendant under the vicarious liability doctrine. Plaintiffs did not name the driver of the delivery van as a defendant in the complaint.

Defendant removed this action on August 12, 2005. Diversity jurisdiction presently exists; however, Plaintiffs move the Court for leave to amend their complaint to add a non-diverse party: the driver of the Federal Express van involved in the accident that allegedly injured Plaintiffs.[2] In the instance that this Court grants the motion to amend the complaint to add the driver as a defendant, Plaintiffs request that the Court remand this case to state court due to the lack of complete diversity of citizenship that will be created by adding the driver of the delivery van.

## II. Legal Standard

### A. Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a) provides that when a party seeks leave to amend "leave shall be freely given when justice so requires." "The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). In Foman, the Supreme Court advised that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to

---

[2] Plaintiffs and the Federal Express van driver are Florida residents.

be afforded an opportunity to test his claim on the merits." Id. The Supreme Court further identified factors a court should consider in deciding a motion for leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Id.; see also Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984) (citing Foman, 371 U.S. at 182). Even if the reasons to deny leave to amend are substantial, the Court should consider the prejudice to the moving party in the absence of the requested amendment. Lockett v. Gen. Fin. Loan Co. of Downtown, 623 F.2d 1128, 1131 (5th Cir. 1980).[3]

**B.   Motion to Remand**

A motion to remand is the proper vehicle for presenting a challenge to removal. Historically, removing defendants have shouldered the burden of proving removal is proper. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002); United Food and Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

1994); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-366 (5th Cir. 1995); Forest v. Penn Treaty Am. Corp., 270 F. Supp. 2d. 1357, 1360 (M.D. Fla. 2003)("Where a plaintiff has objected to defendant's removal, the burden of proof is on the defendant, as the removing party, to prove by a preponderance of the evidence that the action was properly removed.").

Statutes conferring jurisdiction upon federal courts are to be construed narrowly by the removal court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000).

### III. Analysis

#### A.   Plaintiffs' Motion to Amend Complaint to Join Party

As stated above, this case arises from an accident in which Plaintiffs allege a Federal Express driver collided a van with Plaintiffs' motorcycle.  At this point, Plaintiffs have sued only Federal Express and have not sued the driver of the Federal Express van.  Plaintiffs seek to amend their complaint to add the driver, Evelyn Runge.  Plaintiffs indicate that Ms. Runge is a resident of Florida.

28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Plaintiffs argue that they did not include the nondiverse driver as a defendant in this case because the identity of the driver was not known to Plaintiffs at the time of the filing of the complaint.[4]  Plaintiffs further contend that it is necessary for the driver of the van to be joined because, if Defendant Federal Express is able to refute vicarious liability (for example, if Defendant could demonstrate that Ms. Runge's use of the vehicle in question was not within the scope of her employment), Plaintiffs could be left with no avenue for relief.  Further, Plaintiffs submit that Ms. Runge was the active tortfeasor in this cause as her negligent operation of the vehicle caused Plaintiffs' damages.  It is apparent to this Court that, if Ms. Runge is not added as a Defendant, the prejudice to Plaintiffs could be substantial.

Defendant complains that Plaintiffs' proposed amendment is untimely[5] and also contends that Plaintiffs' request to join Ms. Runge is a fraudulent attempt to destroy diversity.  The Eleventh Circuit has enunciated three situations in which joinder may be deemed fraudulent:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the

---

[4] Plaintiffs contend in their motion to amend and remand that the defendant that they would like to add, Ms. Runge, left the scene of the accident.  Plaintiffs argue that Defendant Federal Express did not disclose the identity of the driver of the van until recently through discovery.

[5] The deadline for Plaintiffs to add parties or amend pleadings passed on December 30, 2005.

5

> resident (non-diverse) defendant . . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998)(internal citations omitted).

The Eleventh Circuit has further noted that a "plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stated a valid cause of action in order for the joinder to be legitimate." Id.

Defendant also correctly argues that Plaintiffs could have included a "John Doe" Defendant in their complaint until the identity of the driver could be ascertained.

Taking all of the above into consideration, the Court finds that the requested amendment of the complaint to include Ms. Runge as a defendant is proper. There has been no undue delay, bad faith or dilatory motive on the part of the Plaintiffs, in fact, Plaintiffs contend that the identity of the driver was withheld by Defendant and that any delay in ascertaining the identity of the driver was caused by Defendant.[6] The Court finds no undue

---

[6] Plaintiffs' motion to amend and remand states:

> Plaintiffs initially served discovery requests on Federal Express seeking information on who was driving its van at the time and in the vicinity of the crash, but Federal Express refused to disclose that information. On May 23,

prejudice to Defendant in allowing the amendment, and finds that Plaintiffs would be greatly prejudiced if amendment were denied. Further, the Court determines that the amendment would not be futile because Plaintiffs allege that Ms. Runge is the active tortfeasor in this case. In addition, the Court finds that Plaintiffs' allegations with regard to Ms. Runge do not fall into the three factual scenarios consistent with fraudulent joinder that the Eleventh Circuit described in <u>Triggs</u>, 154 F.3d at 1287.

It is within the discretion of this Court to grant the requested amendment and granting such amendment will serve the interests of justice.

B.   **Plaintiffs' Motion to Remand**

As stated in <u>Ingram v. CSX Transportation, Inc.</u>, 146 F.3d 858, 861 (11th Cir. 1998), in the absence of a federal question, "[i]t is axiomatic that lack of complete diversity between the parties deprives the courts of jurisdiction over a lawsuit."   In this

---

2005, Federal Express responded to Plaintiffs' initial interrogatories and requests for production by objecting on "work product" grounds to Plaintiffs' request . . . . Similarly, on June 1, 2005, Plaintiffs served a second request for production seeking records revealing the identity of the driver . . . and again, Defendant objected . . . .

(Doc. # 23 at 2-3).

Defendant disagrees with Plaintiffs' characterization of the discovery process in this case and contends that Plaintiffs did not specifically request the name of the driver of the van until December of 2005. This Court makes no findings as to whether either party was engaged in abusive discovery practices.

diversity case, as the Court has granted Plaintiffs' motion to amend the complaint to include a non-diverse party, the Court grants the motion to remand. This Court notes that remand is consistent with this Court's affirmative obligation to restrain from adjudicating disputes absent proper jurisdiction: "The responsibility for keeping federal courts within their jurisdictional boundaries ultimately lies with those courts." Morrison, 227 F.3d at 1261.

This case is thus remanded to the Twentieth Judicial Circuit in and for Lee County, Florida.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiffs' Motion to Amend Complaint to Add Active Tortfeasor as Co-defendant, and to Remand for Lack of Complete Diversity Jurisdiction (Doc. # 15) is **DENIED AS MOOT.**
2. Plaintiffs' Second Amended Motion to Amend Complaint to Add Active Tortfeasor as Co-defendant, and to Remand for Lack of Complete Diversity Jurisdiction (Doc. # 23) is **GRANTED** and this case is **REMANDED** to Twentieth Judicial Circuit in and for Lee County, Florida.
3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of that Court.
4. The Clerk is directed to terminate all pending motions and

deadlines in this case and to close this case.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>1st</u> day of May, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record